Filed 1/29/15; pub. order 2/20/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RYLAND MEWS HOMEOWNERS ASSOCIATION, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RUBEN MUNOZ, <br><br> Defendant and Appellant. | H039754 <br> (Santa Clara County <br> Super. Ct. No. 112CV228260) |

In this dispute between defendant Ruben Munoz and plaintiff Ryland Mews Homeowners Association (HOA or Association), plaintiff obtained a preliminary injunction requiring Munoz to remedy the unauthorized modification of the flooring in his upstairs condominium unit to reduce the transmission of noise to the unit below. Defendant contends that the superior court improperly balanced the prospective harm to each party and erroneously concluded that plaintiff would prevail at trial. We find no abuse of discretion and will therefore affirm the order.

*Background*

When defendant and his wife moved into unit No. 322 of the subject property in February 2011, he replaced the carpets with hardwood floors to accommodate his wife's severe dust allergy. After the installation, Resty Cruz and David Yborra, occupants of the unit below, began to experience "sound transfer" through the floor. Before defendant's occupancy Cruz and Yborra had never had any problems with sound transmission from above. But after February 2011 the noise from upstairs at all hours of

day and night became "greatly amplified" and "intolerable," so that Cruz and Yborra found it difficult to relax, read a book, watch television, or sleep.

On November 28, 2011, Susan Hoffman, an employee of the firm that provided property management services for the Association, wrote to defendant, notifying him that his alteration of the flooring appeared to have been made without prior approval of the HOA. Hoffman requested a copy of the written approval in the event that the property management files were incomplete. Defendant did not respond within the 30 days Hoffman had given him, so on January 31, 2012, with authorization from the HOA board of directors, Hoffman wrote to defendant again, this time requesting alternative dispute resolution (ADR) under the Davis-Stirling Act, former Civil Code section 1369.530 (now Civ. Code, § 5935).[1] Included in the letter was the text of former section 1369.530, which expressly allowed defendant 30 days in which to accept or reject ADR; after that period, the request was to be deemed rejected. (Former § 1369.530, subd. (c).) Defendant still did not respond.

Plaintiff brought this action on July 12, 2012, seeking an injunction and declaratory relief. Plaintiff alleged that defendant had violated the restrictions applicable to all residents at the time of the floor installation. On September 28, 2012, plaintiff applied for a preliminary injunction, "restraining and enjoining" defendant from "[m]aintaining hardwood flooring" and from violating other HOA restrictions. Attaching declarations from Hoffman, Cruz, and Yborra, plaintiff alleged that without the requested injunction, adjacent homeowners would continue to suffer "great and immediate irreparable harm in that Defendant's hardwood floors create an acoustic nuisance, both violating the neighboring owner's sense of quiet enjoyment, but also [*sic*] reducing property values for all owners within the Association." Plaintiff further asserted

---

[1] All further statutory references are to the Civil Code.

that it was "inevitable" that it would ultimately prevail in the action and that compliance with the HOA rules would be of only "moderate" cost to defendant.

Defendant opposed the motion, contending that hardwood floors were necessary in his home because his wife was severely allergic to dust; consequently, removing the floors and installing new floors not only would be expensive but would endanger his wife's health. He found the likelihood of plaintiff's success on the merits to be "questionable" and maintained that no irreparable harm had been shown. Both defendant and his wife, Elena Delgado, submitted declarations describing Delgado's medical condition. Defendant also stated that he had received no complaints about noise between the time of installation in February 2011 and the notice of November 28, 2011.

On December 12, 2012, defendant moved to strike the complaint, enter judgment on the pleadings, and refer the matter to ADR. Defendant contended that plaintiff had failed to file a certificate stating that the ADR requirements set forth in former section 1369.530 had been met or waived. The court granted defendant's motion to strike as authorized by former section 1369.560, subdivision (b). It granted plaintiff leave to amend, however, and it denied defendant's motion for judgment on the pleadings as well as his request for referral to ADR. Plaintiff then amended its complaint and submitted a certificate of compliance in accordance with former section 1369.560, subdivision (a)(2)(3).

The hearing on the injunction request took place on December 13, 2012. The court confirmed with plaintiff that it was not demanding that defendant "tear up the floors," but sought only a "proposal through a contractor" for a modification consistent with the HOA rules. Plaintiff added a request for an interim solution, that throw rugs be placed on 80 percent of the floors outside the kitchen and bath areas. The court found those suggestions reasonable and granted the request. Its written order, however, was not filed until April 2013.

3

In March 2013 defendant demurred to the first amended complaint and again moved to strike, alleging an insufficient certificate showing compliance with the statutory ADR provisions, plaintiff's failure "to state facts demonstrating a cause of action," and its failure "to demonstrate the necessity for injunctive relief." This time, however, the court overruled the demurrer and denied the motion to strike, observing that factual disputes existed which should not be resolved at the pleading stage of the litigation.

On the same day, April 17, 2013, the court filed its order granting the preliminary injunction. As the language of the order informs defendant's analysis of it as an unjustified mandatory injunction, we quote the relevant portions: "1. Any further installation of flooring or floor covering in your separate interest located at 435 N. 2nd St. #322 San Jose, CA shall be in compliance with the Association governing documents. [¶] 2. You shall reduce undue transmission of acoustic trespass or nuisance from the subject unit in violation of the governing documents. Such transmissions shall be reduced as follows: . . . 80% of the total flooring area, other than kitchen or bathrooms[,] must be covered with throw rugs or comparable sound[-]dampening material, in particular those areas with heavy travel such as hallways; [¶] 3. You shall present to the Ryland Mews Homeowners Association, through its Board of Directors or design review committee, a proposal for modification to the existing floor covering, such proposal to be within the specific approved guidelines and specifications for floor covering modifications established by the Association." The modification proposal had to be submitted within 30 days. If plaintiff rejected the proposal in good faith, based on the Association's architectural standards, defendant then had an additional 15 days to supplement or revise his proposal. If defendant's plans were approved, defendant had 15 days thereafter to initiate construction of the modifications and 60 days to complete the construction. He then was required to notify the Association and "cooperate with a

4

compliance inspection." From that order granting the injunction defendant brought this timely appeal.

## *Discussion*

Defendant raises two issues on appeal. He first contends that the court abused its discretion in granting the injunction, which he classifies as mandatory. He then asserts that the court "lacked jurisdiction" to issue the injunction because the ADR request did not comply with former section 1369.530 (now § 5935). Because this second issue will be dispositive if defendant is correct, we address it first.

### 1. *Compliance with former section 1369.530*

Under former section 1369.520 plaintiff, as an association managing a common interest development, was prohibited from filing an action for declaratory, injunctive, or writ relief against defendant unless the parties had "endeavored to submit their dispute to alternative dispute resolution pursuant to this article." Plaintiff could initiate this process by complying with former section 1369.530. That section required plaintiff to serve on defendant a "Request for Resolution" containing the following: (1) A brief description of the dispute between the parties. [¶] (2) A request for alternative dispute resolution. [¶] (3) A notice that the party receiving the Request for Resolution is required to respond within 30 days of receipt or the request will be deemed rejected. [¶] (4) If the party on whom the request is served is the owner of a separate interest, a copy of this article."

Defendant's grievance is directed at the last condition. He complains that he did not receive a copy of the *entire* article, which comprised the ADR provisions applicable to common interest developments. (See former §§ 1369.510-1369.570.) Defendant insists that in its ADR request to him plaintiff did not substantially comply with section 1369.530, subdivision (a)(4), when it included a copy of only that statute. He then contends, "Because Mr. Munoz challenged the defect by way of a demurrer and a motion to strike, the trial court should have granted his relief."

5

We are not, however, reviewing the court's order overruling defendant's demurrer and denying his motion to strike the first amended complaint.[2] It was in that demurrer and motion to strike, not his opposition to the injunction, that defendant raised the issue of noncompliance with former section 1369.530. Furthermore, defendant cites no authority for his assertion that plaintiff's failure to provide the entire article 2 in requesting ADR deprived the court of *jurisdiction* to issue the preliminary injunction.

Nor does he identify any prejudice attributable to plaintiff's technical deficiency in complying with the statute. While pointing out that the "obvious purpose" of former section 1369.530, subdivision (a)(4), is to "apprise the owner of important procedural rights and duties involved in the ADR process," defendant, an attorney, has never asserted that he did not understand his rights. The letter he received requesting ADR informed him that he had 30 days to accept or reject the request, and that if he did not respond, he would be deemed to have rejected it. He implicitly rejected the request. Although the request letter contained the entire text of former section 1369.530—including subdivision (a)(4), the provision requiring plaintiff to provide a copy of article 2—defendant never complained that he had not received the entirety of that article until his motion to strike the complaint. And even then his supporting declaration did not relate any confusion about or misunderstanding of his rights. Also absent in defendant's argument is any indication that he would have accepted plaintiff's request if he had received the entire article governing the procedures involved in ADR between him and

---

[2] The challenge to this order was made by a petition for writ of mandate, which this court summarily denied. On appeal defendant duplicates the argument raised in the petition, even to the extent that he refers to himself as the real party in interest.

6

the Association.  In these circumstances we cannot find prejudice in the omission of the remaining statutory provisions in article 2.[3]

## 2. *Merits of the Preliminary Injunction Request*

In deciding whether to issue a preliminary injunction, a court must weigh two "interrelated" factors:  (1) the likelihood that the moving party will ultimately prevail on the merits and (2) the relative interim harm to the parties from issuance or nonissuance of the injunction.  (*Hunt v. Superior Court* (1999) 21 Cal.4th 984, 999; *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432.)  "[T]he decision to grant a preliminary injunction rests in the sound discretion of the trial court."  (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69.)  Accordingly, on appeal we review that decision for abuse of discretion.  "A trial court will be found to have abused its discretion only when it has ' "exceeded the bounds of reason or contravened the uncontradicted evidence." ' [Citations.]  Further, the burden rests with the party challenging the injunction to make a clear showing of an abuse of discretion."  (*Ibid.*; *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1047.)

In reviewing the lower court's ruling for abuse of discretion, we do not reweigh the evidence or evaluate the credibility of witnesses.  " '[T]he trial court is the judge of the credibility of the affidavits filed in support of the application for preliminary

---

[3]  In addition to former section 1369.530, article 2 consisted of (1) an explanation of the terms "[a]lternative dispute resolution" and "[e]nforcement action" (former § 1369.510); (2) the requirement that ADR be attempted before an association may file an action for injunctive, declaratory, or writ relief (former § 1369.520); (3) the requirement that ADR be completed within 90 days (former § 1369.540); (4) the tolling of the statute of limitations after the ADR request is served (former § 1369.550); (5) the requirement of a certificate of compliance (former § 1369.560); (6) referral of the action to ADR by stipulation of the parties (former § 1369.570); (7) a provision governing the court's consideration of fees and costs (former § 1369.580); and (8) a requirement that an association provide the members with an annual summary of article 2 (former § 1369.590).

injunction and it is that court's province to resolve conflicts.' [Citation.] Our task is to ensure that the trial court's factual determinations, whether express or implied, are supported by substantial evidence. [Citation.] Thus, we interpret the facts in the light most favorable to the prevailing party and indulge in all reasonable inferences in support of the trial court's order." (*Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 625.)

Defendant contends that a higher level of scrutiny is called for here because the superior court's order was "clearly a mandatory injunction," not a prohibitory one.[4] In his view the injunction "cannot bear that scrutiny because the facts presented in support of the injunction did not demonstrate that this was an extreme case in which the right to mandatory injunctive relief was clear, or that irreparable harm would ensue without the order actually granted."

Defendant's argument in effect asks this court to reweigh the evidence. He repeats his assertion that he did not violate the HOA restrictions; two of the alleged rules "didn't exist when he installed the hardwood floors. He couldn't have breached them." He further suggests that his own opposition "cast[s] severe doubt on the credibility of the sound problems described by Mr. Yborra and Mr. Cruz." Defendant further contests the remedy imposed in the injunction. Noting the interim measure of using throw rugs on the

---

[4] " '[T]he general rule is that an injunction is prohibitory if it requires a person to refrain from a particular act and mandatory if it compels performance of an affirmative act that changes the position of the parties.' " (*Oiye v. Fox*, *supra*, 211 Cal.App.4th at p. 1048, quoting *Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435, 446.) Although a preliminary mandatory injunction is subject to stricter review on appeal, (*Teachers Ins. & Annuity Assn. v. Furlotti* (1999) 70 Cal.App.4th 1487, 1493), "[t]he principles upon which mandatory and prohibitory injunctions are granted do not materially differ. The courts are perhaps more reluctant to interpose the mandatory writ, but in a proper case it is never denied." (*Allen v. Stowell* (1905) 145 Cal. 666, 669.)

floors, he insists that there were "other, less draconian" remedies than "requiring Mr. Munoz to tear out his entire floor."

Defendant's analysis is flawed. Not only does he request an improper reweighing of the witnesses' credibility, his contentions are premised on an inaccurate representation of the evidence presented below. Contrary to defendant's assumption, for example, plaintiff was not relying on the 2012 HOA rules; in asking for the injunction it clearly relied on the 1993 "Declaration of Restrictions," which was in effect when defendant replaced the carpeting with hardwood floors. Section 3.3 of that document provided, "No activity shall be conducted in any Unit or Common Area that constitutes a nuisance or unreasonably interferes with the use or quiet enjoyment of the occupants of any other Condominium." Section 3.17 more specifically stated, "No Unit shall be altered in any manner that would increase sound transmission to any adjoining or other Unit, including, but not limited to, the replacement or modification of any flooring or floor covering that increases sound transmissions to any lower Unit." And under section 7.2(v), prior written approval had to be obtained from the Architectural Review Committee before "[a]ny replacement or modification to any floor coverings or wall or ceiling materials or any penetration or other disturbance of any wall, floor, or ceiling, if the replacement[,] modification, penetration or disturbance could result in any increase in the sound transmissions from the Unit to any other Unit." Defendant's protest that he was wrongly accused of violating nonexistent restrictions is without merit.

Defendant further misrepresents the court's order. The court did not direct him to tear out the hardwood floors; at the hearing it emphasized more than once that it did not want anyone inferring that "he's got to go back out and tear up the floors. That's not what I'm ordering." What the court did order was a proposal from defendant to the board of directors or to a design review committee for modifying the floors to bring them into compliance with the guidelines established by the association.

9

We see no abuse of discretion in such an order, even if the injunction was of a mandatory rather than prohibitory nature subject to heightened appellate scrutiny. Indeed, the directive to find a compromise in modifying the flooring, as well as the interim remedy of using throw rugs, reflected a balanced consideration of the circumstances of everyone involved, including the residents below who were adversely affected by defendant's violation of the noise and nuisance restrictions. The finding that defendant's violation of the HOA rules had resulted in a continuing "great nuisance" for the occupants below was supported by substantial evidence in the declarations of Cruz and Yborra, whose credibility was for the superior court, not this court, to determine. The evidence clearly supported the court's weighing of the relative interim harm to the parties and its implied determination that plaintiff would ultimately prevail on the merits. We must conclude, therefore, that defendant has failed to meet his burden to show that the court exceeded the bounds of reason or contravened uncontradicted evidence. Reversal is not required.

*Disposition*

The order is affirmed.

_____

ELIA, Acting P. J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.

10

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RYLAND MEWS HOMEOWNERS ASSOCIATION, | H039754 (Santa Clara County Super. Ct. No. 112CV228260) |
| Plaintiff and Respondent, | |
| v. | |
| RUBEN MUNOZ, | |
| Defendant and Appellant. | |

BY THE COURT:

The opinion which was filed on January 29, 2015, is certified for publication.

_____
ELIA, Acting P.J.

_____
BAMATTRE-MANOUKIAN, J.

_____
MIHARA, J.

The written opinion which was filed on January 29, 2015, has now been certified for publication pursuant to rule 8.1105(b) of the California Rules of Court, and it is therefore ordered that the opinion be published in the official reports.

Dated: _____  _____
ELIA, Acting P.J.

11

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 112CV228260 |
|---|---|
| Trial Judge: | Hon. Peter H. Kirwan |
| Counsel for Plaintiffs/ Respondents:<br>Ryland Mews Homeowners Association | Plastiras & Terrizzi<br>Michael Patrick Terrizzi; Mariam Smairat |
| Counsel for Defendants/Appellants:<br>Ruben Munoz | Ruben Munoz, in pro. per.; and<br>John M. Wadsworth [Retained] |

*Ryland Mews Homeowners Association v. Munoz*

H039754